# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-500-02 |
|---|---|---|
| v. | : | |
| SAMUEL DIAZ-RIVERA, also known as DELVIS DE LA ROSA-MARTINEZ | : | |

## MEMORANDUM OPINION

Savage, J.                                                                 September 4, 2013

In his timely *pro se* motion brought under 28 U.S.C. § 2255, Delvis De La Rosa-Martinez ("De La Rosa")[1], who was sentenced to a prison term of 72 months followed by five years of supervised release, claims his counsel was ineffective at sentencing for failing to move for a minor role adjustment pursuant to U.S.S.G. § 3B1.2. Because De La Rosa cannot demonstrate that his counsel's performance was deficient and that his sentence would have been lower, his motion will be denied.

In mid-July 2011, an undercover informant and De La Rosa's co-defendant, Fresa Pichardo, engaged in recorded telephone conversations arranging a sale of cocaine. Pichardo agreed to return to the United States to broker the informant's sale of cocaine to De La Rosa. The agreement called for the sale of eight kilograms of cocaine at $30,000 per kilogram, De La Rosa paying $150,000 for five of the kilograms and promising to pay for the additional three kilograms later.

---

[1] The defendant was indicted under the name Samuel Diaz-Rivera, also known as Delvis De La Rosa-Martinez. Because he filed his § 2255 motion as Delvis De La Rosa, we shall refer to him as De La Rosa.

On August 10, 2011, the informant met with Pichardo, De La Rosa and another co-defendant, Bannessa Aybar-Caimares ("Aybar"), at a warehouse in Bensalem, Pennsylvania. The informant produced a duffel bag containing eight kilograms of a substance containing a detectable amount of cocaine. Pichardo, De La Rosa and Aybar all looked into the duffel bag. De La Rosa, using a razor blade, cut open one of the kilograms. As he was about to sample the contents of the kilogram, De La Rosa and the others were arrested. Aybar had $150,000 in her handbag.

On January 26, 2012, De La Rosa pled guilty to conspiracy, in violation of 21 U.S.C. § 846, and attempt to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). In his guilty plea, he admitted that he had conspired to purchase and possess eight kilograms of cocaine with the intent to distribute.[2] In addition, he admitted that he had maintained an apartment in Elizabeth, New Jersey, where he concealed additional monies and approximately 500 grams of cocaine hydrochloride in a secret compartment in a bedroom dresser.[3] Scales, ledger books, and drug paraphernalia were also found in the apartment.[4]

De La Rosa accepted responsibility for his criminal activities and timely notified the government of his intent to plead guilty, making him eligible for a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) and (b). After the adjustment, his sentencing guideline range was 70-87 months imprisonment. De La Rosa was sentenced to a prison term of 72 months, followed by five years of supervised release.

---

[2] Guilty Plea Agreement ¶ 1.
[3] Gov. Sentencing Mem., at 5.
[4] *Id.*

De La Rosa did not appeal his conviction or sentence. He filed a timely motion under 28 U.S.C. § 2255.

## Discussion

Ineffective assistance of counsel claims are evaluated under the two-part standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must demonstrate that his counsel's performance was deficient, that is, "counsel's representation fell below an objective standard of reasonableness," considering all of the surrounding circumstances of the particular case and the facts viewed at the time of counsel's conduct. *Strickland,* 466 U.S. at 687-89. Second, he must show that counsel's deficiency prejudiced his defense. *Id.* at 691-92. The prejudice prong requires a showing that as a result of the deficient representation, a reasonable probability exists that the result of the proceedings would have been different. *Id.* at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* In other words, the prejudice component focuses on whether counsel's deficient performance renders the result of the proceedings unreliable or fundamentally unfair. *Williams v. Taylor,* 529 U.S. 362, 393 n. 17 (2000).

Counsel's performance is deficient only where the defendant can show his representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. Where counsel's conduct falls within the wide range of reasonable professional assistance under the circumstances, it is presumed to be sound strategy. *Id.* at 689.

The performance analysis starts with the presumption that counsel's conduct was part of a sound strategy. This "weak" presumption can be rebutted by showing either that the conduct was not part of a strategy or was part of an unsound strategy. *Thomas*

*v. Varner,* 428 F.3d 491, 499-500 (3d Cir. 2005). Where the record does not explicitly reveal trial counsel's actual strategy or the lack of one, the presumption may be rebutted only by a showing that no sound strategy could have supported the conduct. *Id.* at 500. Where counsel's conduct was part of a strategy devised after an investigation of the law and the facts, "the 'weak' presumption becomes a 'strong' presumption, which is 'virtually unchallengeable.'" *Id.* (quoting *Strickland,* 466 U.S. at 690).

"[O]vercoming the strategic presumption does not, in itself, entitle [the defendant] to relief. It merely gives him the opportunity to show that counsel's conduct fell below objective standards of attorney conduct." *Id.* at 501. In other words, the petitioner still must establish that counsel's performance was objectively unreasonable.

To satisfy the prejudice component, the defendant must establish "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 502 (quoting *Strickland,* 466 U.S. at 694). The prejudice standard is not "a stringent one." *Id.* (quoting *Jacobs v. Horn,* 395 F.3d 92, 105 (3d Cir. 2005)). The defendant "need not show that counsel's deficient performance more likely than not altered the outcome in the case – rather, he must show only a probability sufficient to undermine the confidence in the outcome." *Id.* at 502 (citations and quotation omitted).

De La Rosa's sole contention is that his counsel failed to move for a minor role downward adjustment. He argues that he qualified for such an adjustment.

4

De La Rosa's attorney cannot be faulted for not raising a meritless argument. Nor was De La Rosa prejudiced because an argument for a minor role adjustment would have been rejected, resulting in the same sentence he received.

To qualify for a two level decrease in the offense level under U.S.S.G. § 3B1.2(b), the defendant must be "substantially less culpable than the average participant." Application Note 3(A). De La Rosa hardly qualified under this definition. He was a significant player in the drug transaction. He was the one purchasing eight kilograms of cocaine and producing the $150,000 purchase price. See *United States v. Holman*, 168 F.3d 655, 660 (3d Cir. 1999). Richardo and Aybar, on the other hand, appeared to be working on behalf of De La Rosa. Thus, because De La Rosa would not have been eligible for a minor role adjustment, counsel was not deficient for not moving for one.

Any attempt to characterize De La Rosa as a minor participant would have been fruitless. De La Rosa did not qualify for a minor role reduction. Therefore, his counsel cannot be deficient for failing to raise a meritless claim and De La Rosa was not prejudiced by counsel's performance.